IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

CAI-YEN FIRESTONE
18112 Carrisa Way
Olney, Maryland 20832

  Plaintiff,

v.

              Case No. 1:16-cv-1810

FEDERAL RETIREMENT THRIFT
INVESTMENT BOARD ("FRTIB"),
P.O. Box 4450
Fairfax, Virginia 22038

  Serve: Greg Long
      Executive Director
      FRTIB
      P.O. Box 4450
      Fairfax, Virginia 22038

  AND

THRIFT SAVINGS PLAN,
P.O. Box 4450
Fairfax, Virginia 22038

  Serve: Greg Long
      Executive Director
      FRTIB
      P.O. Box 4450
      Fairfax, Virginia 22038

  Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

COMES NOW the Plaintiff, Cai-Yen Firestone, by and through her attorneys, Budow and Noble, P.C., Walter E. Gillcrist, Jr. and Anne K. Howard, and sues the Federal Thrift Retirement Investment Board and the Thrift Savings Plan on the following grounds:

  1. Plaintiff, Cai-Yen Firestone, is a citizen of the United States and a resident of the State of Maryland.

2. The Defendant, Federal Retirement Thrift Investment Board ("FRTIB"), is an entity established in the Executive branch of the U.S. Government and is charged with the responsibility for managing and/or overseeing and/or controlling retirement and death benefit accounts of employees and former employees of the United States Government. The FRTIB's administrative offices are located in Virginia, but the FRTIB does substantial business in the District of Columbia.

3. The Defendant, Thrift Savings Plan ("TSP"), is a division or unit of the FRTIB and/or is affiliated with the FRTIB and/or a subsidiary of the FRTIB which administers, manages, and/or controls the payment of retirement and death benefit accounts for employees and former employees of the United States Government. The TSP's main administrative office is located in Virginia. However, the TSP also does substantial business in the District of Columbia.

4. That under the United States Code, 5 U.S.C. §8477(e)(7)(A), this Honorable Court has exclusive subject matter jurisdiction and personal jurisdiction over the parties, and venue is proper in this Honorable Court.

5. In accordance with 5 U.S.C. §8477(e)(8)(A), copies of this Complaint are being served on the Executive Director of the FRTIB, the Secretary of Labor, and the Secretary of the Treasury by certified mail.

6. Defendants have by statute or regulation waived sovereign immunity.

7. Plaintiff, Cai-Yen Firestone, is the natural sister of Bernard Hsieh who died on March 11, 2016. The deceased, Bernard Hsieh, resided with Ms. Firestone in Maryland and was being cared for by her at the time of his passing. Plaintiff was the sole and exclusive caregiver of Bernard Hsieh for months until his passing, as he was suffering from cancer which ultimately led to his demise. During his last months with Plaintiff, Plaintiff provided extensive financial support, emotional support, and physical support to Bernard Hsieh. Following his passing, Plaintiff paid substantial monies for his funeral and related services. Plaintiff also was

the only person to take care of funeral and burial arrangements for Bernard Hsieh. From the latter part of 2015 through his death, Plaintiff was the sole source of financial, emotional, and physical support to Bernard Hsieh as he suffered from his last illness, received substantial medical care addressing his last illness, and ultimately died.

8. Prior to his death, Bernard Hsieh expressed to Plaintiff, and to others including another natural sister who lives in Taiwan, that if he survived his last illness, he intended to reside permanently in Maryland after returning to his previous home state, Mississippi, to settle his affairs.

9. Bernard Hsieh also expressed explicitly to Plaintiff, and to others, that he intended Plaintiff to be the sole beneficiary of all assets and monies and investments which were being managed and/or controlled, or otherwise in the hands of the Defendants in this action, the FRTIB and TSP.

10. On November 5, 2015, Bernard Hsieh executed a change-of-beneficiary form commonly known as a "TSP-3" in order to ensure that Plaintiff would become his sole, "100%," beneficiary of all monies and assets contained in his Thrift Savings Plan account, Account No. 6801147154539. The TSP-3 was properly signed and dated, in more than one place, by the deceased, Bernard Hsieh, who was of sound mind and judgment when he executed the document. The same document, TSP-3, was properly signed and dated by two eyewitnesses who were present when Bernard Hsieh executed the document and who witnessed that he was of sound mind and judgment and which witnesses witnessed that he fully understood what he was doing and fully intended to make the Plaintiff his sole beneficiary of the account monies, assets, and investments in TSP Account No. 6801147154539. The eyewitnesses properly signed and dated the same TSP-3 form. They fully attested to its validity and authenticity, and they knew Bernard Hsieh before witnessing his execution of the document and did so without reservation, caveat, or qualification.

3

11. Bernard Hsieh then submitted the TSP-3 form to the Defendants who accepted the form and processed the form. The form was legally sufficient and binding on the Defendants and complied with all federal statutes and regulations. The form memorialized Bernard Hsieh's clear intent to name Plaintiff as the exclusive beneficiary of all monies and assets in TSP Account No. 6801147154539 upon his death. Upon the Defendants' receipt and retention of this TSP-3 form, Plaintiff thereby became the exclusive beneficiary of Bernard Hsieh's TSP Account No. 6801147154539, and Plaintiff thereby replaced or supplanted any other statutory or contractual beneficiaries.

12. Bernard Hsieh explicitly represented to Plaintiff, and to others, that he had made Plaintiff his exclusive beneficiary of such monies, assets, and investments in TSP Account No. 6801147154539. Moreover, at no time after his TSP-3 form was submitted in November 2015 did Mr. Hsieh ever submit any other TSP-3 form changing the beneficiary nor otherwise express any intent to Plaintiff nor to any other persons other than that Plaintiff would be the exclusive beneficiary.

13. After Bernard Hsieh died on March 11, 2016, Plaintiff contacted Defendants requesting information on his account and requesting information on her request for all benefits to which she is entitled under this account. Plaintiff was informed (incorrectly) by the TSP that she was not a beneficiary on his account and that it did not possess a TSP-3 naming Plaintiff as Bernard Hsieh's beneficiary. In fact, Defendants were in possession of Bernard Hsieh's TSP-3 form which, in November 2015, had made Plaintiff the exclusive beneficiary of the assets, monies, and investments in Bernard Hsieh's TSP Account No. 6801147154539. Defendants subsequently produced the referenced TSP-3 form to Plaintiff's counsel which verified that they were in fact in possession of it, and had been in possession of it since it was submitted in 2015. Once Defendants were advised by Plaintiff, through counsel, of Plaintiff's claim to entitlement to all monies, assets, and investments in Bernard Hsieh's TSP Account No. 6801147154539, Defendants acknowledged the claim and have agreed to hold all monies and assets in said account pending the final outcome of this litigation.

14. Plaintiff is in fact legally and equitably the sole and exclusive beneficiary of all assets, monies, and investments in Bernard Hsieh's TSP Account No. 6801147154539 and Defendants have improperly and illegally withheld these from Plaintiff.

## COUNT I
## (DECLARATORY JUDGMENT)

15. Plaintiff adopts and incorporates by reference all previous paragraphs of this Complaint as if repeated fully herein.

16. An actual controversy exists regarding the terms, conditions, and requirements of the deceased's, Bernard Hsieh's, TSP retirement Account No. 6801147154539, including but not limited to Mr. Hsieh's compliance with the change of beneficiary form by which he clearly intended, and did in fact make Plaintiff the sole and exclusive legal and equitable beneficiary to all monies, assets, and investments in this account.

17. A declaration from this Court that Plaintiff is in fact the sole and exclusive legal and equitable beneficiary under Mr. Hsieh's TSP Account No. 6801147154539 is necessary in order for Plaintiff to be provided those monies, assets, and investments to which she is entitled.

18. Plaintiff, and Mr. Hsieh, complied with all applicable federal statutes and regulations, and the Defendants have wrongfully and improperly withheld these monies, assets, and investments in Account No. 6801147154539 from Plaintiff.

19. Plaintiff has been prejudiced and has suffered damages by the Defendants' refusal to disburse the monies, assets, and investments in the TSP account to her, without good cause. These assets, monies, and investments are presently being held by the Defendants pending the outcome of this litigation. Plaintiff continues to incur the losses of the monies and interest therefrom while these monies, assets, and investments are being held by the Defendants.

20.  Plaintiff is entitled to a Declaration of this Court that she is the sole and exclusive beneficiary of the assets and monies in Mr. Hsieh's TSP Account No. 6801147154539.

## COUNT II
### (BREACH OF CONTRACT/THIRD-PARTY BENEFICIARY)

21.  Plaintiff adopts and incorporates by reference all previous paragraphs of this Complaint as if repeated fully herein.

22.  Bernard Hsieh and the Defendants entered into a valid and binding written or oral contract for the management, handling, and administration of his TSP Account No. 6801147154539, under which said contract Mr. Hsieh would accrue investment benefits during his lifetime and government employment which benefits would accumulate and be directed to his TSP Account No. 6801147154539 which account number would be managed and/or controlled and/or handled by the Defendants herein until benefits were to be paid upon his death.

23.  Mr. Hsieh and the Defendants agreed by contract that the beneficiary under his TSP Account No. 6801147154539 could be substituted or changed during the course of his lifetime if Mr. Hsieh so desired.  On November 5, 2015, Mr. Hsieh in fact executed the proper documentation in order to make the Plaintiff his sole and exclusive legal and equitable beneficiary of all assets, monies, and investments contained within his TSP account and for such assets, monies, and investments which would further accrue up until the time of his death. Mr. Hsieh executed the proper documentation required for such change of beneficiary, and the documentation was properly witnessed and dated by two persons who validated his intent to make this change of beneficiary, and the change of beneficiary form was then properly submitted and processed by the Defendants.  Since then, no additional change of beneficiary forms had been submitted and Mr. Hsieh never reverted to any prior beneficiaries.

24.  Mr. Hsieh intended, and the Defendants were aware and acknowledged, that Plaintiff would be the third-party beneficiary of this contract.  As a third-party beneficiary, Plaintiff is entitled to the enforcement of such contract and any damages therefrom.  Therefore

Plaintiff is entitled to the assets, monies, and investments contained within said account and for all consequential damages.

25. Besides not receiving the assets and monies to which she is entitled under said account, Plaintiff has suffered consequential damages in the form of lost interest on said monies in the account, costs, attorney fees, and such other consequential damages as may be proven at trial.

## COUNT III
### (SPECIFIC PERFORMANCE)

26. Plaintiff adopts and incorporates by reference all previous paragraphs of this Complaint as if repeated fully herein.

27. Plaintiff is entitled to specific performance by the Defendants of the distribution to Plaintiff of all assets, monies and investments in Mr. Hsieh's TSP Account No. 6801147154539.

## COUNT IV
### (EQUITABLE ESTOPPEL)

28. Plaintiff adopts and incorporates by reference all previous paragraphs of this Complaint as if repeated fully herein.

29. The Defendants should be equitably estopped from denying Plaintiff's entitlement to the funds in Account No. 6801147154539, and from disbursing any assets, monies and investments in the TSP Account No. 6801147154539 to any other persons who purport to be beneficiaries of this account because Plaintiff is the sole and exclusive legal and equitable beneficiary under this account in accordance with applicable law.

WHEREFORE, the Plaintiff, Cai-Yen Firestone, by counsel, respectfully prays for an Order and Judgment of this Honorable Court,

1. Declaring that she, the Plaintiff, is the sole legal and/or equitable beneficiary to all monies, assets and investments in TSP Account No. 6801147154539;

    2.    Declaring and Ordering the Defendants to promptly remit payment to Plaintiff of all assets, monies and investments in TSP Account No. 6801147154539;

    3.    Award to Plaintiff consequential damages resulting from Defendants' breach of contract to which Plaintiff was the third-party beneficiary;

    4.    Ordering Defendants to specifically perform their obligations under applicable law by distributing all assets, monies, and investments in TSP Account No. 6801147154539 to Plaintiff;

    5.    Ordering that Defendants are estopped from denying Plaintiff's sole entitlement to all funds in TSP Account No. 6801147154539;

    6.    Awarding pre-and post-judgement interest, attorney fees and costs if permitted by applicable law; and

    7.    Ordering a prompt hearing on all issues herein.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**

*[signature]*

Walter E. Gillcrist, Jr., Esquire, No. 398328
Anne K. Howard, Esquire No. 415690
7315 Wisconsin Avenue, Suite 500 West
Bethesda, Maryland 20814
(301) 654-0896 telephone
(301) 907-9591 facsimile
Wgillcrist@budownoble.com
Ahoward@BudowNoble.com
*Attorneys for Plaintiff*