UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAI-YEN FIRESTONE,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL RETIREMENT THRIFT<br>INVESTMENT BOARD, *et al.*,<br><br>    Defendants. | Civil Action No. 16-1810 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(April 24, 2017)

Plaintiff Cai-Yen Firestone brings this action against Defendants Federal Retirement Thrift Investment Board ("FRTIB") and the Thrift Savings Plan ("TSP") seeking, among other remedies, a declaration that she is the sole intended beneficiary of the "monies, assets, and investments" currently held in the TSP account of her deceased brother, Bernard Hsieh. Compl. ¶ 16, ECF No. 1. According to the Complaint, Mr. Hsieh executed a change-of-beneficiary form (the "TSP-3 Form") shortly before his death that allegedly made Plaintiff the sole beneficiary of the disputed TSP account. *Id.* ¶¶ 10–12. Nonetheless, TSP has allegedly failed to recognize Plaintiff as a beneficiary of her brother's account. *Id.* ¶ 13.

Pending before the Court is Defendants' Motion to Join a Necessary Party or, Alternatively, to Dismiss for Failure to Join a Necessary Party, ECF No. 12 ("Defs.' Mot."). Defendants contend that Melissa Wang, Mr. Hsieh's wife and "the beneficiary in whose name TSP is holding the benefits plaintiff seeks," is a necessary party to this action and accordingly must be joined pursuant to Federal Rule of Civil Procedure 19(a), which provides, in pertinent part, that a

> person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The United States Court of Appeals for the District of Columbia Circuit has summarized the Rule 19 inquiry as follows: "Should the absentee be joined, *i.e.*, is it necessary to the litigation? If so, can the absentee be joined? And finally, if the absentee should but cannot be joined, may the lawsuit nonetheless proceed 'in equity and good conscience'?" *Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 464 (D.C. Cir. 2017).

Defendants represent that, although Mr. Hsieh submitted a TSP-3 Form before his death, that form was deficient because the first page was missing the date of a witness signature. Defs.'

Mot. at 2. Although TSP sent a notice to Mr. Hsieh to that effect, he purportedly did not correct the form before he passed away. *Id.* at 3. Without a valid beneficiary designation form, Defendants represent that "TSP determined that [Mr. Hsieh's] wife was the proper beneficiary pursuant to the statutory order of precedence," and an account was created for Mrs. Wang to which the amount in dispute, approximately $630,000, was transferred. *Id.* On September 1, 2016, Mrs. Wang's counsel sent correspondence to Defendants claiming that she "is the widow and rightful beneficiary of Bernard Hsieh's Thrift Savings Plan." Reply in Supp. of Defs.' Mot., Ex. 1, ECF No. 15. The Court makes no findings at this time with respect to the validity of Defendants' contentions, other than to conclude that there is a dispute over the ownership of the TSP account.

Based on this finding, however, the Court agrees with Defendants that Mrs. Wang is a necessary party and must be joined to this action pursuant to Rule 19(a). First, Mrs. Wang has a claimed interest in the subject matter of this action—the funds in the TSP account. Second, resolution of this action in Plaintiff's favor would plainly impede Mrs. Wang's ability to protect that interest, as the funds at issue would be at Plaintiff's disposal. And third, to the extent Mrs. Wang brought claims against Defendants in a subsequent lawsuit, there is a substantial risk that Defendants could become subject to double or inconsistent liability if that lawsuit resulted in a favorable ruling for Mrs. Wang, while this Court ruled otherwise. In short, this is a quintessential case where joinder is necessary because funds are held by a third-party, and only one of several claimants to those funds brings suit against the third-party. In such a case, as here, the real dispute is not between one claimant and the third-party, but between the competing claimants to the funds. *Wach v. Byrne, Goldenberg & Hamilton, PLLC*, 910 F. Supp. 2d 162, 169 (D.D.C. 2012) (Kollar-Kotelly, J.) ("courts in this Circuit typically require joinder of an absent party where the claims of a party and the absent party to a common fund or asset are conflicting and mutually exclusive") (citing *Brown v. Christman*, 126 F.2d 625, 631 n.23 (D.C. Cir. 1942) ("Generally, where the action involves a determination of conflicting interests of beneficiaries in a trust fund, the beneficiaries are held to be necessary parties.")). The real dispute with respect to the TSP account is between Plaintiff and Mrs. Wang, making Mrs. Wang a necessary party to the litigation. As neither party contends that Mrs. Wang cannot be properly served and joined, or that her joinder would deprive this Court of subject-matter jurisdiction (which is predicated on a federal question), Mrs. Wang must be joined as a defendant pursuant to Rule 19(a). None of Plainitff's contentions to the contrary are meritorious, nor does Plaintiff cite any authority to support those contentions.

Accordingly, for the foregoing reasons, the Court **ORDERS** as follows: (i) Defendants' Motion to Join a Necessary Party is **GRANTED**; (ii) Defendants' Motion, in the Alternative, to Dismiss for Failure to Join a Necessary Party, is **DENIED WITHOUT PREJUDICE**; and (iii) by **May 19, 2017**, Plaintiff shall file an Amended Complaint with the Court, adding Mrs. Wang as a defendant, and shall serve the Amended Complaint upon Mrs. Wang to join her as formal party to this action.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge